**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANPRIT SINGH, | No. 08-74109 |
| Petitioner, | Agency No. A099−538−850 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued April 16, 2013 Submitted October 30, 2013
San Francisco, California

Before: GOODWIN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Manprit Singh petitions for review of the Board of Immigration Appeals'

(BIA) dismissal of his petition seeking asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We have jurisdiction

pursuant to 8 U.S.C. § 1252, and we grant Singh's petition for review.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

In concluding that Singh did not demonstrate past persecution, the BIA found that Singh failed to corroborate his belief that Congress Party members were responsible for the vehicular assault against Singh. This was error because, before requiring such corroboration, Singh was not afforded notice and an opportunity to respond with evidence or to explain why such corroborating evidence was unavailable. *See Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011).[1]

On remand, upon providing the requisite notice and an opportunity to corroborate the asylum claim, past persecution should be determined based on the totality of the circumstances (e.g., the murder of Singh's father, Singh's arrests and corresponding threats by police, corroboration regarding the vehicular assault,

---

[1] The dissent asserts that *Ren* is not applicable here, because affording notice and opportunity to present corroborating evidence would be "manifestly futile." We disagree. Singh was found credible. Despite this finding, the IJ required corroboration in order to meet his burden of proof. *See Ren*, 648 F.3d at 1093. The BIA held that Singh's testimony that the Congress Party was involved in his accident was speculative and that Singh failed to provide corroboration to support this claim. However, Singh testified credibly that he could obtain the necessarily corroboration evidence (affidavits from his friends). Singh also testified credibly that members of the Congress party had admitted to causing the accident, again suggesting that he could corroborate his testimony. Such affidavits would provide the objective evidence the IJ and BIA were seeking to grant relief. Under *Ren*, Singh should have been afforded an opportunity to obtain evidence to corroborate his credible testimony. *Id*. Our review of this issue is limited to whether Singh was afforded that opportunity. *See id*. Instead, the dissent wrongly speculates about the contents of the corroborating evidence in order to determine whether the opportunity should be afforded in the first instance.

corroboration regarding Singh's friends' attempted reporting of the incident to police, Congress Party members' implied death threat against Singh communicated to his mother). *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004); *Madrigal v. Holder*, 716 F.3d 499, 504 (9th Cir. 2013) (finding error by the BIA where BIA found no past persecution after "viewing each incident in isolation, instead of examining the totality of the circumstances" and instructing BIA to consider the incidents "in the context of a larger pattern of conduct").

Because we remand on the issue of past persecution, we do not reach

Singh's claims of future persecution, withholding of removal, or relief under CAT.

*See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).[2]

**PETITION FOR REVIEW GRANTED.**

---

[2] The dissent suggests that the IJ made an alterative finding that, assuming persecution, Singh could relocate in India. Again, we disagree. The IJ's holding was not an alterative finding, assuming persecution, but rather a determination of whether Singh was eligible for asylum based on a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b); *see also Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) ("In the absence of past persecution, an applicant may still be eligible for asylum based on a well-founded fear of future persecution."). The IJ stated that Singh had the burden of proof, an appropriate statement in making a determination of a well-founded fear of persecution. If the IJ were making a relocation finding, after assuming persecution, the burden would instead belong to the government. Because neither the IJ nor the BIA held that the relocation analysis was an alternative basis for denying relief, we cannot affirm on a ground on which the agency did not base its decision. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) ("[W]e must decide whether to grant or deny the petition for review based on the Board's reasoning rather than our own independent analysis of the record.").

Lastly, even if the IJ's decision on relocation was an attempt to make an alternative finding (an argument that only the dissent makes), the IJ's decision lacks clarity; therefore remand is necessary "to ensure that [the agency] evaluates the relocation issue in accord with the proper burden of proof." *Afriyie v. Holder*, 613 F.3d 924, 935 (9th Cir. 2010).

*Singh v. Holder*, No. 08-74109

O'SCANNLAIN, Circuit Judge, dissenting.

The court's decision in *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), does not control this case. *Ren* states clearly that, "[i]f a credible applicant has not yet met his burden of proof, then the IJ *may* require corroborative evidence," and, *if he so requires*, "must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Id.* at 1093 (emphasis added). This rule does not mandate that every credible applicant who has yet failed to carry his burden of proof be afforded with notice and opportunity to present corroborating evidence.[1] Such a conclusion, furthermore, would be manifestly futile in this case. The IJ found that Singh credibly testified to the following facts: (1) he was hit intentionally by the jeep; (2) other people in the village told him they believed the Congress Party was behind the attack; and (3) there were no witnesses to the attack. Singh never in his testimony claimed that

---

[1] There will certainly be cases where the applicant can present credible testimony that does not satisfy the burden of proof, and corroboration is unnecessary or futile. This is consistent with the statute, which states: "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). This language, specifically the phrase "where a trier of fact determines," implies that the trier of fact may determine that no corroborative evidence is required.

anyone had direct knowledge of the perpetrators' identity or political affiliation. As the IJ noted, "[Singh] even acknowledged that all the people who told him were merely relying on rumors and none of them had witnessed that these individuals [who attacked him] were members of the Congress Party." Thus, the IJ did not find that corroboration was necessary—indeed, the IJ seemed to believe corroboration would be impossible. Even if Singh obtained declarations from his friends as to the perpetrators of the attack, these declarations would still be speculative and would fail to satisfy Singh's burden of proof. The IJ did note that Singh provided "no objective evidence" to support his claims. But this is a far cry from a determination that the applicant "should provide evidence."

Furthermore, the IJ clearly stated, as an alternative ground for the disposition, that Singh had failed to demonstrate that he could have safely relocated within his native country.[2] Singh argues that this finding should be

_____

[2]The relevant regulation states:

[A]n immigration judge, in the exercise of his or her discretion, *shall deny* the asylum application of an alien found to be a refugee on the basis of past persecution if . . . [t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so.

8 C.F.R. § 1208.13(b)(1)(i)(B) (emphasis added).

displaced because the IJ improperly placed the burden of proof on him and not on the government where it belongs.[3] Such a claim misreads the IJ's opinion and misconceives the administrative record. Before concluding that Singh "has not established that it would be unreasonable for him to relocate," the IJ had analyzed and cited the extensive evidence submitted by the United States that tended to show relocation could be both safe and practicable. During direct as well as cross-examination, Singh had the opportunity to dispute this evidence and to provide his own. He did not do so. Indeed, the only evidence that Singh presented on this issue was his own asseverations that he would have difficulty finding a job and that the individuals who allegedly persecuted him in the Punjab state would have the means and the motivation to pursue him hither and yon. Against the weight of the

---

[3]*See* 8 C.F.R. § 1208.13(b)(1)(ii).

government's evidence, the IJ did not find Singh's testimony availing. This conclusion is not unreasonable.[4]

Because I do not believe that *Ren* compels remand in this circumstance, and furthermore because the IJ's alternative holding concerning relocation provides an independent basis for his decision, I would deny the petition for review.[5]

I respectfully dissent.

---

[4]Singh disputed the IJ's determination concerning the reasonableness of relocation on appeal before the Board of Immigration Appeals. The BIA's decision did not address the issue but, by explicitly invoking *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), incorporated the conclusions and reasoning of the IJ as articulated in her decision. In such circumstances, we may examine the IJ's determination concerning relocation as if it had been that of the BIA, *see Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010); and we review for substantial evidence, *see INS v. Eliaz-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). This court, therefore, must uphold the agency's findings unless "we . . . find that the evidence not only supports [the opposite] conclusion, but compels it." *Id.*

[5]The same logic that disposes of Singh's application for asylum similarly decides his prayers for withholding of removal and protection under the Convention against Torture (CAT). The procedure for denying withholding of removal on the grounds that relocation within the native country is reasonable is substantially the same as for asylum. *Compare* 8 C.F.R. § 1208.16(b)(1)(i)(B), *with* 8 C.F.R. § 1208.13(b)(1)(i)(B). Because Singh cannot overcome the government's evidence concerning the reasonableness of relocation in the asylum context, he similarly cannot prevail in withholding of removal.

On the other hand, Singh's burden for securing relief under CAT is even greater. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir. 2004) (describing that "the legal standard for considering the possibility of relocation is different in the context of a CAT claim than in an asylum claim" and that, in the former, "the burden is on the applicant").

Singh could not prevail on the relocation question for his asylum application; he likewise cannot in these other claims.